UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMEKA N. HARRIS,<br><br>              Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>              Defendant. | CASE NO. ED CV 05-00178 RZ<br><br>MEMORANDUM OPINION AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of the administrative record ("AR"), and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded for further consideration.

///
///
///

**I.**

Plaintiff Tameka Nichole Harris applied for supplemental security income benefits on February 19, 2002, asserting an inability to work since February 1, 2001 due to pain in her back, neck, chest, right arm and right shoulder, coupled with depression. The Social Security Administration denied the application both initially and on reconsideration. After a hearing, the Administrative Law Judge denied Plaintiff's application on July 23, 2003, but the Appeals Council remanded for further consideration of Plaintiff's subjective testimony. At new hearings on February 24 and May 25, 2004, a different Administrative Law Judge took testimony from Plaintiff, a vocational expert and two medical experts, and received exhibits into evidence, but determined that Plaintiff was not disabled. [AR 12-21.] The Appeals Council denied review this time [AR 4-6], thereby making the decision of the Administrative Law Judge the decision of the Commissioner. 20 C.F.R. § 404.981; *Sims v. Apfel,* 530 U.S. 103, 107 (2000), 120 S. Ct. 2080, 147 L. Ed. 2d 80. Plaintiff timely sought review in this Court.

**II.**

Plaintiff's first argument is that the Administrative Law Judge erred in partially rejecting certain depression-related findings by Plaintiff's treating therapist, Donna Clark, M.S., in favor of other findings. An Administrative Law Judge may reject opinions of treating physicians in favor of other evidence if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted); *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings). Ms. Clark evaluated Plaintiff on July 15, 2002, at the *beginning* of a series of visits and treatments in 2002, 2003 and 2004 to address Plaintiff's substantial depression-related symptoms as assessed by Ms. Clark. [AR 318-24.]

Plaintiff essentially has cherry-picked the evaluation made of her mental health when she was *first seen* by Ms. Clark – that is, before Plaintiff underwent treatment for her mental health conditions – and disregarded the subsequent evidence of her own improvement. The Administrative Law Judge did not ignore (or "fail to consider," as stated by Plaintiff at p.2 of her brief) Ms. Clark's assessment. Although he did not mention Ms. Clark by name, he began his summary of Plaintiff's mental health treatment, excerpted below, with a summary of Plaintiff's evaluation at her July 15, 2002 intake visit, and he cited specifically to the very pages of the record at which Ms. Clark's assessment appears. [*See* AR 15 (citing "Exhibit 16F, pp. 23-29).] The Administrative Law Judge did not base his conclusion solely on Ms. Clark's "before" assessment of Plaintiff; he examined the "after" picture as well, starting in the second paragraph of his summary:

> On July 15, 2002 the claimant was treated at San Bernardino County Department of Behavior[al] Health and diagnosed with depressive disorder, NOS, and impulse control disorder [citation to AR 324]. The claimant said she was raped as a child [;] had a history of incarceration for domestic violence [;] had a history of drug abuse . . . [;] had problems with her anger and was depressed over the swelling of her legs (Exhibit 16F, pp. 23-29 [AR 318-24].) The claimant was diagnosed [*sic*] Prozac, Risperdal and Trazodone ([AR 317].) [¶]
>
> On August 15, 2002 the claimant said that she was feeling much better. She was less depressed, sleeping better, eating better and no longer hearing voices. She had no suicidal ideations and was not using drugs or alcohol. Mental status examination was unremarkable. The claimant appeared much more relaxed and in better spirits. Speech was well organized and goal directed . . . . [AR 313]. [¶]

[AR 15-16.] Plaintiff regressed a bit later in that month (August 2002), as the Administrative Law Judge candidly noted, but she rallied again thereafter:

> On August 29, 2002 the claimant said she was bored and wanted to go back to work or get her GED. She said that she was not getting along with her family and was fighting with her boyfriend. She was depressed over her swollen legs and said she was wanting to get married and have a family. Her physician had told her to lose weight and she was purging. Dr. [Ken] Galen [the psychiatrist examining Plaintiff] recommended that the claimant attend an eating disorder group [AR 312]. [¶]
>
> On September 12, 2002 the claimant's condition had improved and she was purging less. She said that she was sleeping better with her medications and had decreased crying spells. She said that she had no suicidal or homicidal ideations, no delusions, and was not using drugs or alcohol. Mental status examination was unremarkable and the claimant appeared improved ([AR 311]).

[AR 16.] The Administrative Law Judge's summary continues chronologically thereafter, noting that the medical evidence shows that Plaintiff's mental condition either continued to improve or at least remained substantially better than it had been when Ms. Clark first evaluated her. [AR 16.] Thus, the Administrative Law Judge's conclusion that, with treatment, Plaintiff's mental condition was not as bad as first assessed by Ms. Clark in July 2002 – a conclusion that is not truly a "rejection" of Ms. Clark's assessment or a failure to consider it, as Plaintiff suggests, but rather placing it in its proper context with the record as a whole – is supported by "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett, supra*, 340 F.3d at 874.

Plaintiff notes that Ms. Clark's initial assessment "is consistent with" an evaluation by Emmanuel Peperit, M.D., on January 13, 2004, finding Plaintiff to have numerous "marked" and "moderate" mental-health-related limitations. But Plaintiff does not contest the Administrative Law Judge's thorough rejection of Dr. Peperit's conclusions, based on their lack of objective supporting evidence and their inconsistency with other evidence. [*See* AR 16.] For this reason, and because the rejection independently appears to be sound, *see Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"), the fact that the opinion "is consistent with" Ms. Clark's July 15, 2002 initial assessment in no way bolsters that assessment. In sum, Plaintiff's first assertion of error lacks merit.

### III.

Plaintiff's second argument, namely that the Administrative Law Judge improperly discredited the testimony of Plaintiff's aunt, fares better. Like third-party questionnaires, testimony by a claimant's friends and relatives can supply useful information about how a claimant's alleged impairments affect her ability to engage in gainful employment, *cf.* 20 C.F.R. § 404.1513(d)(4), and therefore the Administrative Law thus may reject it only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, after summarizing the aunt's testimony, the Administrative Law Judge explained that her "opinions appear to reflect a filial acceptance of the claimant's complaints and may well be at least partially motivated by a desire to see the claimant obtain financial benefit." [AR 15.] But such are reasons for viewing the testimony of *any* claimant's friend or relative with skepticism. The Administrative Law Judge does not provide "specific reasons germane to the particular witness" just why and how – that is, through what portions of her testimony – the aunt revealed a "filial acceptance" of her niece's claims or a desire that Plaintiff obtain money.

Defendant's brief does not earnestly argue otherwise. Instead, Defendant "submits the [Administrative Law Judge] alternatively and properly rejected the testimony . . . through his summary and analysis of the conflicting medical evidence, particularly the notes of Plaintiff's treatment, Dr. [Linda] Smith's opinion, and [medical expert] Dr. Malancharuvil's testimony (Tr. 15-18)." This is not what the decision says, however, and the Court must look solely to the grounds articulated in the underlying administrative opinion, not to the Commissioner's *post hoc* defenses of that opinion. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). The law requires not only that the Administrative Law Judge *have* good reasons for discrediting testimony but also that he *explain* those reasons, more so than he did in this instance. Remand is required to rectify this.

### IV.

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Memorandum Opinion and Order.

DATED: July 3, 2006

                                       */s/ Ralph Zarefsky*
                                       RALPH ZAREFSKY
                             UNITED STATES MAGISTRATE JUDGE